UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY D.,[1] | ) |
|        Plaintiff, | ) |
| v. | ) No. 1:22-cv-00158-JPH-MJD |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|        Defendant. | ) |

**ORDER GRANTING MOTION TO REMAND**

Plaintiff Jeffrey D. seeks judicial review of the Social Security Administration's decision denying his petition for Disability Insurance Benefits and Supplemental Security Income. He argues that the ALJ's Residual Functional Capacity ("RFC") determination was not supported by substantial evidence because the ALJ failed to properly evaluate the opinions of his treating physician and the medical examiner. *See* dkt. 10 at 21–35.

The Commissioner agrees that the agency's decision should be reversed and remanded to the ALJ with specific instructions to give further consideration to the physicians' opinions and claimant's RFC, and also to obtain additional vocational evidence. Dkt. [12]. Plaintiff responds that the remand should be for "a directed finding of disability and calculation of

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

benefits." Dkt. 13 at 1.  For the reasons that follow, the Commissioner's motion to remand is **GRANTED**.

## I.
## Facts and Background

Plaintiff was 59 years old at the alleged onset date of his disability.  Dkt. 8-3 at 4.  He completed some college and worked in landscaping as a foreman.  Dkt. 8-2 at 37–39.  Plaintiff alleged he is disabled because of pancreatic cancer, high blood pressure, and depression.  Dkt. 8-3 at 4–5.

Plaintiff initially applied for Disability Insurance Benefits and Supplemental Security Income on May 12, 2017, with an alleged onset date in May 2016.  Dkt. 8-3 at 4–5.  Plaintiff's application was initially denied on June 14, 2017, dkt. 8-4 at 12, and on reconsideration on September 1, 2017, *id.* at 35.

The Administrative Law Judge held a hearing, dkt. 8-2 at 29, and, in June 2019, issued a decision denying Plaintiff's claims, *id.* at 15–22.  Plaintiff appealed to federal court, which reversed and remanded, finding the ALJ's determination "unsupported by substantial evidence" by failing to properly evaluate the opinion of Plaintiff's treating physician.  *Id.* at 12; *Dilbeck v. Comm'r of Soc. Sec. Admin.,* No. CV-19-5289-PHX-DMF, 2020 WL 4364213, at *4 (D. Ariz. July 30, 2020).  On remand, the ALJ issued a partially favorable decision on July 28, 2021.  Dkt. 8-17 at 43–55.

In his decision, the ALJ followed the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled prior to March 1, 2018.  Dkt. 8-17 at 4.  Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Dkt. 8-17 at 46.

- At Step Two, he had "the following severe impairments: kidney stones/post cystoscopy and ureteroscopy, pancreatic lesion status/post Whipple procedure, gastritis, transurethral resection of prostate, [and] lumbar degenerative nerve disease."  Dkt. 8-17 at 46.

- At Step Three, prior to March 1, 2018, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Dkt. 8-17 at 47.  However, after that date, his impairments medically equaled the criteria of sections 5.06A and 13.20 of 20 C.F.R. Part 404, Subpart P, Appendix 1.  Dkt. 8-17 at 53.

- After Step Three but before Step Four, prior to March 1, 2018, he had the RFC "to perform the full range of medium work."  Dkt. 8-17 at 48.

- At Step Four, prior to March 1, 2018, Plaintiff "was capable of performing past relevant work."  Dkt. 8-17 at 52.

In January 2022, Plaintiff brought this action asking the Court to review the partial denial of benefits under 42 U.S.C. § 405(g).  Dkt. 1.  The Commissioner moved to remand this case to the ALJ.  Dkt. 12.  Plaintiff agreed with the need for remand but argued that the remand should include an order that the agency find him disabled.  Dkt. 13.

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019).  When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision.  *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). But, in "unusual cases," "where the relevant factual issues have been resolved and the record requires a finding of disability, a court may order an award of benefits." *Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018), *amended on reh'g* (Aug. 30, 2018).

### III.
### Analysis

Here, the parties agree that the ALJ committed error. *See* dkt. 14 at 1; dkt. 13 at 1. But they disagree as to what should happen on remand. Plaintiff argues that the Court should enter a "directed finding of disability," dkt. 13 at 1, 5, while the Commissioner contends that there must be further proceedings before the ALJ because "questions of fact remain that only the ALJ can resolve." Dkt. 14 at 2.

A directive from the district court ordering the Commissioner to grant benefits is warranted only in an "extraordinary" case where the record "can yield but one supportable conclusion." *Martin v. Saul*, 950 F.3d 369, 376 (7th Cir. 2020) (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)). This remedy is a "marked departure" from this circuit's "typical practice of remanding to the agency for further proceedings." *Id.* The awarding of benefits

on appeal "is essentially a factual finding best left for the Secretary to address in the first instance." *Campbell*, 988 F.2d at 744.

Many of the rare cases with a directed finding of benefits arise from "step three" issues—*i.e.*, whether a claimant has met one of the Administration's listed impairments. In those cases, the record may provide a clear answer as to whether the Plaintiff is disabled. *See, e.g., Larson v. Astrue*, 615 F.3d 744, 750–51 (7th Cir. 2010) ("If the ALJ had given Dr. Rhoades's opinion controlling weight, Larson's condition would have been recognized as a listed impairment and she would have been found disabled at Step 3."); *Hickman v. Apfel*, 187 F.3d 683, 690 (7th Cir. 1999) (after discarding ALJ's improper consideration of nonmedical evidence, analyzing the record "to conclude that Hickman does indeed suffer from a severe medical condition which is equivalent to the impairment set forth in Listing 101.03"); *King v. Barnhart*, No. 1:06-cv-0381-DFH-TAB, 2007 WL 968746, at *7 (S.D. Ind. Feb. 26, 2007) ("This is an unusual case in which the ALJ's own findings show that the requirements of Listing 12.05C were satisfied.").

On the other hand, more complex cases that are subject to "contradictory inferences" are not well-suited for a directed finding of benefits. *See Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011). That's because the ALJ's role is to weigh the evidence when factual issues like these remain unresolved. *See id.*; *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000); *see also, e.g., Campbell*, 988 F.2d at 744 ("[T]he record is not so clear that we can award or deny benefits on appeal."); *Fields v. Colvin*, No. 1:14-cv-01928-TWP-MJD, 2016 WL

2996606, at *7 (S.D. Ind. May 23, 2016) ("The Court is reluctant to step into the shoes of the ALJ and weigh Dr. Abbert's opinion in relation to the competing opinions of the [other] physicians.").

Here, Dr. Khosravi, Plaintiff's "long-time treating gastroenterologist," dkt. 10 at 21, completed two "medical source statements" that discuss Plaintiff's ability to perform the demands of work, dkt. 8-16 at 41–42; dkt. 8-22 at 2–4. These statements, which were completed after the alleged onset of Plaintiff's disability, concluded that he would miss five or more days from work per month, be off-task 40 to 70 percent of a workday, and that he could only "infrequently" engage in any physical activities. Dkt. 8-16 at 41–42; dkt. 8-22 at 2-3. The ALJ found these statements unpersuasive in part because Dr. Khosravi did not state that these limitations were in place at the alleged onset date. Dkt. 8-17 at 52. The ALJ specifically mentioned that Dr. Khosravi's second statement "indicates no specific relation back to the period prior to March 2018." *Id.*

But the retrospective nature of a medical opinion doesn't preclude its consideration as long as it offers a diagnosis "that is corroborated by evidence produced during the relevant period." *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020). Here, the record suggests Dr. Khosravi's opined limitations are based on his long-term treatment of Plaintiff, and the evidence reflects the Plaintiff's gastroenterological issues—including chronic kidney stones and lesions—gave him, at minimum, mild to moderate pain, *see, e.g.*, dkt. 8-7 at 113, 132, 302, and diarrhea, *see, e.g., id.* at 347, 414, 409. Since there appears to be some

6

corroborative evidence from the relevant period, the ALJ should not have discounted Dr. Khosravi's opined limitations simply because it was post-dated after the start of Plaintiff's alleged disability. *See McHenry v. Berryhill*, 911 F.3d 866, 872 (7th Cir. 2018) (finding that treatment notes from a previous medical exam "indicate some measure of debilitating back pain and so supply evidence to corroborate Dr. Ippel's retrospective diagnosis").

Additionally, Dr. Daller—the medical examiner—testified that, among other things, there was "a six-month recovery period" after Plaintiff's January 2017 surgery "during which period any residual functional capacity assessment would be disabling." Dkt. 8-17 at 51. The ALJ stated that he found Dr. Daller's testimony "compelling but unpersuasive because the claimant's combined conditions" only warrant limitation from heavy and very heavy exertion. Dkt. 8-17 at 51. But the ALJ's analysis does not reveal whether he considered Dr. Daller's testimony to be consistent or inconsistent with the evidence in the record, which is required under the SSA's regulations. *See* 20 C.F.R. §§ 404.1520c(b)(2), (c), 416.920c(b)(2).

As a result, the ALJ committed error in its analysis of these doctors' opinions. *Accord* dkt. 10; dkt. 12; dkt. 13. But this does not necessarily mean that these doctors' opinions and testimony are correct or unimpeachable. Instead, the doctors' opinions need to be properly analyzed under SSA regulations and then considered with all the other evidence in the record, of which there is plenty. *See, e.g.*, dkt. 8-17 at 48–52. This is a fact-intensive job and should be conducted by the ALJ in the first instance. *See Allord*, 631 F.3d

7

at 417; *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts, however, is exactly what the ALJ is required to do.").

On remand, the ALJ will therefore have to confront the testimony of Dr. Khosravi and Dr. Daller, explain which parts of each doctor's opinions the ALJ accepts and rejects, and then weigh their opinions in accordance with the SSA's rules. Because it is in the ALJ's domain to resolve these factual issues, and there are facts in the record that would support the ALJ's present determination, this is not the type of case with a record that yields "but one supportable conclusion." *Martin*, 950 F.3d at 376; *see* dkt. 8-17 at 50–50 (noting that, after surgery, he could "take long walks" and had marked success in reducing diarrhea and abdominal pain with medication). Therefore, a directed finding of benefits is inappropriate.

## IV.
## Conclusion

The Court **GRANTS** the Commissioner's motion to remand this case to the Appeals Council. Dkt. [12]. Upon receipt of this Court's order, the Appeals Council will remand the matter to an ALJ for a new hearing and new decision. Upon remand, the ALJ will (1) give further consideration to the opinion evidence from treating gastroenterologist Farhoud Khosravi, M.D., and medical expert, John Daller, M.D.; (2) give further consideration to the claimant's alleged symptoms; (3) re-evaluate the claimant's residual functional capacity; and (4) obtain additional vocational evidence, if warranted.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 2/16/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel